IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Case No. 1:08CR00015-001 |
| | ) |
| v. | ) OPINION AND ORDER |
| | ) |
| KENNETH RAY STEVENS, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Justin Lugar, Assistant United States Attorney, Roanoke, Virginia, for United States; Nancy Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, Kenneth Ray Stevens, was sentenced by this court in 2009 to 211 months imprisonment — the low end of his advisory guideline range — which sentence was later reduced to 181 months based on a retroactive amendment to the sentencing guidelines. His current projected release date is June 16, 2021, and he is likely eligible to be released to home confinement for the last six months of his sentence of imprisonment. He has filed motions seeking immediate compassionate release under the provisions of the First Step Act. The government opposes the motions, which have been fully briefed.

Stevens pleaded guilty to conspiring to illegally distribute oxycodone, morphine, methadone, and hydrocodone, as well as possessing a firearm in

furtherance of a drug trafficking crime. The evidence indicated that he was a leader of a large-scale drug trafficking organization, in which he involved his son as a drug courier. At the time of his sentencing Stevens was nearly 60 years old. At the time he had an extensive medical history.[1] While counsel for the defendant does not dispute Stevens' many maladies when sentenced, it is contended that "[t]he difference is he is eleven years older and eleven years sicker than when he went into custody." Def.'s Reply 3, ECF No. 703. The government argues that the serious nature of Stevens' crimes, and the fact that he already had serious medical issues known to the court when sentenced, militate against immediate release.

The First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) ("FSA"), amended 18 U.S.C. § 3582(c), expands the circumstances under which federal prison inmates may seek compassionate release. Prior to the FSA, only the Director of the Bureau of Prisons ("BOP") could file a motion with the court seeking compassionate release for an inmate. However, the FSA amended

---

[1] At sentencing in 2009, Stevens' counsel sought leniency because of Stevens' medical conditions. As counsel argued:

> I would submit to the court that two back surgeries, two foot surgeries, an attempted suicide, blood clot where he has to have Coumadin, obstructive pulmonary disease, anxiety and depression, having to take a pill so you can urinate, in addition to having gout and a number of other problems, [found] on page 35 of the pre-sentence report, degenerative joint disease, pancreatitis, it just goes on and on.

Tr. 11, ECF No. 488.

§ 3582(c) to provide that a sentencing court may, after considering the sentencing factors set out in 18 U.S.C. § 3553(a), modify a sentence to grant compassionate release either upon motion of the Director "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). It is uncontested that Stevens has exhausted his administrative remedies.

Section 3582(c)(1) permits a sentencing court to reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). While Congress has not further defined what constitutes "extraordinary and compelling reasons," the current policy statements of the Sentencing Commission, adopted before the enactment of the FSA, provide that such extraordinary and compelling reasons include where "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process: and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(B). In addition, the policy statements require that "the defendant is not a danger to the safety of any other

person or to the community, as provided in 18 U.S.C. § 3142(g) [of the Bail Reform Act]." *Id.* at § 1B1.13(2). Some courts have held that the Sentencing Commission's policy statements are inapplicable because they have not been revised in light of the remedial purposes of the FSA. *See, e.g., United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019).

The BOP's final administrative denial of Stevens' request for compassionate release noted that he "is experiencing deteriorating mental and physical health that substantially diminishes his ability to function in a correctional environment." Memorandum from BOP Assistant Director/General Counsel, Aug. 21, 2018, ECF No. 697-1. However, the request was denied based on the nature and circumstances of Stevens' crimes. *Id.*

Even assuming that the Sentencing Commission's policy statements defining "extraordinary and compelling reasons" are applicable and that Stevens meets the relevant definition, by statute I still must consider the § 3553(a) factors. I agree with the government that the nature and circumstances of Stevens' crimes do not justify his immediate release.

Accordingly, the defendant's motions, ECF Nos. 691, 697, are DENIED.

ENTER: February 24, 2020

/s/ JAMES P. JONES
United States District Judge